IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **Phoenix Hydraulic Presses, Inc.**, | : | |
| Plaintiff, | : | Civil Action 2:06-CV-307 |
| v. | : | Judge Frost |
| **Admiral Merchants Motor Freight,** *et al.*, | | Magistrate Judge Abel |
| | : | |
| Defendants. | | |

**OPINION & ORDER**

The Court considers this matter pursuant to a motion to dismiss filed by Defendants Admiral Merchants Motor Freight ("Admiral") and Motor Transport Underwriters ("Motor Transport") (Doc. # 7).  Plaintiff Phoenix Hydraulic Presses, Inc. ("Phoenix") filed a memorandum in opposition and a motion to file a first amended complaint (Doc. # 9), to which Admiral and Motor Transport responded (Doc. # 13).   Phoenix then filed a motion to strike portions of Admiral's and Motor Transport's response (Doc. # 14).

Federal Rule Civil Procedure 12(h)(3) provides "whenever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction over the subject matter, the court *shall* dismiss the action."  (Emphasis added).  *See also  Mt. Healthy City Sch. Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274, 278 (1977) (noting that a court may raise the issue of subject matter jurisdiction at any time).

It appears that the Court lacks jurisdiction over the instant matter.  This action was originally filed in state court and Admiral and Motor Transport filed a Notice of Removal in this

1

Court based upon 28 U.S.C. § 1332, the diversity statute. (Doc. # 1). The removal of an action to federal court based on diversity jurisdiction is proper only when complete diversity exists at the time of removal, that is, when all parties on one side of the litigation are of a different citizenship from all parties on the other side of the litigation. *Coyne v. American Tobacco Co.*, 183 F.3d 488, 492 (6th Cir. 1999). The party seeking to bring the case into federal court bears the burden of establishing diversity jurisdiction. *Certain Interested Underwriters at Lloyd's London, England v. Layne*, 26 F.3d 39, 41 (6th Cir. 1994); *Her Majesty The Queen in Right of the Province of Ontario v. City of Detroit*, 874 F.2d 332, 339 (6th Cir. 1989) (party seeking removal bears the burden of establishing right to remove).

The Court's review of the Notice of Removal in the case *sub judice* indicates that the requirements for diversity jurisdiction were lacking at the time of removal. (Doc. # 1). Specifically, Phoenix is an Ohio corporation and Defendant Nationwide Insurance Company is an Ohio corporation. (Doc. # 1). As such, the complete diversity requirement was not satisfied at the relevant time. *See Glancy v. Taubman Ctrs., Inc.*, 373 F.3d 656, 664 (6th Cir. 2004) (holding that federal courts have diversity jurisdiction where the amount in controversy is met and the action is between citizens of different states. The rule of complete diversity requires that each plaintiff be a citizen of a different state from each defendant). In addition, the Complaint pleads damages in excess of $ 25,000, but not in excess of $ 75,000. (Doc. #1). Therefore, the amount in controversy requirement is likewise not met and the Court lacks jurisdiction.

The attempt by Phoenix to amend its Complaint to add a federal question to satisfy 28 U.S.C. § 1331 after an improper removal (Doc. # 20) is fruitless because the Court never took jurisdiction over the matter in the first instance. *See Inge v. Rock Fin. Corp.*, 281 F.3d 613, 629

(6th Cir. 2002) (holding "Removal jurisdiction, however, is determined from the face of the well-pleaded complaint, not a post-removal amended complaint") (citations omitted).

The Court concludes that it lacks subject matter jurisdiction and **ORDERS** the Clerk to **REMAND** this case to state court.

**IT IS SO ORDERED.**

  /s/ Gregory L. Frost
**GREGORY L. FROST**
**UNITED STATES DISTRICT JUDGE**